- MAX LEVY v. BETSY GOLLIN.

Decided August 4, 1927.

Contracts — Fees of Attorney-at-Law — Attorney Made a Contract With Client to Secure a Settlement of an Alleged Potential Action For a Stated Percentage of Amount Received —Settlement Secured but Not Ratified by Clients—Judgment for Plaintiff and Appeal—Held, That the Contract was Complete and Executed; Held, Further, That Failure to Show That the Contract for a Contingent Fee was Consistent With Lawyer's Fiduciary Duties to His Client, That Plaintiff was Entitled to Recover Only Reasonable Compensation and That the Defendants Were Several and Not Joint, Were Not Made the Basis of Any Grounds for Reversal Appearing in Record and Therefore are Not Entitled to Consideration by the Court.

On appeal from the Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the appellant, *Autenrieth, Gannon & Wortendyke.*

For the respondent, *Lazarus, Brenner & Vickers.*

PER CURIAM.

The plaintiff, an attorney-at-law, brought suit against Betsey Gollin, the present appellant, and her brother, Samuel Gluckman, to recover fees claimed to be due to him for services rendered to them as attorney. The defendant Gluckman resides out of the state and never was served with process. The other defendant, Betsy Gollin, answered the plaintiff's complaint; the case went to trial, and a verdict was entered in favor of the plaintiff and against her for the full amount claimed by the former; namely, $2,100. From the judgment entered against her upon this verdict Mrs. Gollin has appealed.

The plaintiff's claim was that he had been employed by Mrs. Gollin, acting not only for herself, but for her brother, to prevent, if possible, an intended conveyance by her sister-in-law, the widow of Isaac Gluckman, of all the latter's estate to a Hebrew association known as the United Congregations of Bayonne. Isaac Gluckman, by his will, had left his whole estate to his widow, Rose, and the plaintiff, Levy, advised the defendants that they had no status to prevent the proposed conveyance by the widow of Isaac to this Hebrew association, but suggested that perhaps Rose Gluckman, the widow of Isaac, might be willing to make some payment of moneys to them in order to prevent any action being brought against her relating to the proposed conveyance, and suggested that he endeavor to bring about such a result. He submitted evidence that he was employed to do this, and that he was to receive for his services, in case he was successful in accomplishing such a settlement, twenty per cent. of the moneys agreed to be paid to his clients up to $8,000, and twenty-five per cent. of any amount in excess thereof. The proofs submitted by him further showed that negotiations were subsequently entered into between himself, on the one hand, as the representative of the defendants, and Rose Gluckman and the Hebrew association on the other, with the result that Rose agreed to pay the sum of $10,000 to Betsy Gollin and her brother, to be equally divided between them, in case they agreed not to attempt to interfere with her purpose in making the transfer to the association. The plaintiff reported to his clients the result of his negotiations with Rose and the association, and presented to them an agreement for their signature, by the terms of which they agreed to waive all rights to interfere with Rose's disposal of her husband's estate, and Rose agreed to pay to them the sum of $10,000 for such waiver. It appeared, however, that the agreement thus proposed contained this additional provision: "It is further agreed that the aforesaid sums of money shall not become due and payable unless and until the agreement aforesaid shall be approved by a court of competent jurisdiction." The defendants refused to sign this agreement, for two reasons—*first,* because they did not

think the sum offered was large enough; *second,* because they were unwilling to bind themselves to an agreement which, so far as the payment of the money to them was concerned, would not become operative until approved by some court. In this situation, as appears from the plaintiff's evidence, he renewed negotiations with Rose and the Hebrew association, with the result that Rose Gluckman agreed that, instead of the $10,000 being held by her until the agreement above outlined should receive judicial approval, it should be held in escrow during the pendency of the proposed judicial proceeding, to be paid to the defendants at the expiration of thirty days, during which an answer could be filed by the defendants admitting the propriety of the agreement between Rose Gluckman and the association. The plaintiff testified that he submitted the proposed modification to his client, Mrs. Gollin, and that she fully agreed to and accepted it; but that, when he presented to her a draft of the agreement thus modified, she refused to execute it.

The principal ground upon which it is contended that the judgment under review should be reversed is that, upon the facts above recited, no right to the compensation which is the basis of the plaintiff's suit is shown to exist, and that, therefore, the refusal of appellant's motion for a nonsuit and of the motion to direct a verdict, which were rested upon this contention, were without legal justification. The argument in support of this proposition is that, by the agreement between the parties, the plaintiff's right to compensation was contingent upon the actual signing of the proposed contract by his clients, on the one part, and Rose Gluckman and the association on the other, and the payment to his clients of the moneys called for by that contract. But this proposition seems to us to be without merit. As appears from the above recital of facts, the defendants fully agreed to and accepted the terms of the proposed modified contract between themselves and Rose Gluckman and the association. This agreement was brought about by the efforts of the plaintiff, acting as the attorney of the defendants. By bringing about an agreement which was satisfactory to all the parties, and the

terms of which were accepted by the defendants, the service for which he had been employed was completely performed, and his contract was fully executed. His right to the compensation to be paid for that service thereby became fixed, and could not thereafter be destroyed by the refusal of the defendants to execute the contract which he had successfully negotiated on their behalf.

Counsel for appellant also contends that the motion to nonsuit and the motion to direct a verdict were each of them improperly denied, for the reason that the plaintiff failed to show, as a part of his case, that the contract for a contingent fee was consistent with his fiduciary duties to his clients. It is enough to say, in disposing of this contention, that the alleged failure of the plaintiff in this regard was not suggested to the trial court as a reason for granting either the one or the other of these motions.

Counsel further argues that, assuming that the proofs show a right on the part of the plaintiff to be paid for the service rendered by him, he was not entitled to the fee fixed by his contract, but only to such sum as the jury should find would be a reasonable compensation for such service; and that, therefore, the judgment under review should be reversed. We are not called upon, however, to consider the soundness of this argument, for the grounds of reversal appearing in the record contain no suggestion that the judgment should be reversed for the reason indicated.

Lastly, counsel asserts that the contract for compensation made by the plaintiff with the defendants, Betsy Gollin and her brother, Samuel Gluckman, was several and not joint; and that, therefore, the appellant, Betsy Gollin, was only liable for one-half of the contingent fee payable under the plaintiff's contract. But this phase of the case, like that last referred to, is not made the basis of any of the grounds of reversal appearing in the record, and, therefore, is not entitled to consideration by this court.

The judgment under review will be affirmed.